PER CURIAM.
Sun Plaza, Inc. (Sun Plaza), the lessor of a shopping center, appeals from a final judgment awarding it a portion of certain damages against the appellees (the tenants and the guarantors of payments owed pursuant to the lease agreement). Essentially, Sun Plaza argues (1) that the trial court erred by not including in its damage award additional 1991 real estate taxes, maintenance charges, and the rent due from June 1991; and (2) that the trial court erred in not awarding prejudgment interest as to certain amounts due appellant.
It is essentially undisputed that the amounts claimed by appellant were due under the terms of the lease. The trial court, however, while awarding damages did not address the disputed 1991 prorated charges or the June 1991 rent. It is unclear as to the court’s reasoning for failing to do so. We, therefore, reverse and remand for the trial court to address this portion of appellant’s damages.
We also determine that the trial court erred in failing to award prejudgment interest as to the $40,772.26 for 1989 and 1990 real estate taxes and maintenance charges. As the trial court notes, it is undisputed that these amounts were due as of the May 1991 agreement between the parties concerning the landlord’s possession of the premises. Prejudgment interest was due from that date. See Underhill Fancy Veal, Inc. v. Padot, 677 So.2d 1378, 1380 (Fla. 1st DCA 1996), rev. denied, 686 So.2d 583 (Fla.1996). The record is unclear as to when the other disputed amounts became due. We, therefore, find no error in failing to award prejudgment interest as to these amounts.
Reversed and remanded with directions to hold further proceedings as necessary which *1215 are consistent with the dictates of this opinion-
BOOTH, JOANOS and WOLF, JJ., concur.